# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: S.B., E.B.-1, & E.B.-2

No. 15-0408 (Kanawha County 14-JA-316, 14-JA-317, & 14-JA-318)

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother J.W., by counsel Michael M. Cary, appeals the Circuit Court of Kanawha County's April 1, 2015, order terminating her parental rights to eleven-year-old S.B, seven-year-old E.B.-1, and four-year-old E.B.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Ariella G. Silberman, filed a response on behalf of the children also in support of the circuit court's order.[2] Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in terminating her parental rights to the children without granting her an improvement period and in finding by clear and convincing evidence that she neglected the children.[3]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2014, the DHHR filed an abuse and neglect petition alleging that S.B. was covered in severe bruising and was reportedly malnourished. The DHHR claimed that S.B.

---

[1]Because two of the children share the same initials, we have distinguished them using numbers 1 and 2. The Circuit Court of Kanawha County's case numbers also serve to distinguish them.

[2]The guardian attached to her response two "exhibits" containing excerpts of hearing transcripts from the proceedings below. However, the guardian failed to file an accompanying motion for leave to file a supplement appendix. Without proper leave by this Court, we decline to consider the guardian's "exhibits" or the related references thereto in her response. *See* W.Va. R. App. P. 7(c) and (g) (regarding appendix records and supplemental appendix records).

[3]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

and E.B.-2 were both non-verbal children despite their age, but E.B.-1 disclosed that petitioner and her live-in boyfriend physically abused S.B. when he acted out by grabbing and hitting him. According to the DHHR, E.B.-1 stated that if S.B. did not properly wake up for school, petitioner would drag him across the carpet to the bathroom, causing the physical injury known as "carpet burn," and hit his head.

In October of 2014, the circuit court held a preliminary hearing. A Child Protective Services ("CPS") worker testified to the allegations in the petition. She further testified that during her investigation of the allegations she witnessed a new bruise to S.B.'s eye and a "carpet burn" to his leg. Due to those injuries, the CPS worker and petitioner agreed to an in-home protection plan, but on the third day of that protection plan, the CPS worker witnessed a large bruise on S.B.'s back. Thereafter, the DHHR filed the underlying petition. Despite petitioner's contention that the injuries were either self-inflicted or caused at S.B.'s school, the circuit court found probable cause for the DHHR's filing.

The following month, in November of 2014, the circuit court held an adjudicatory hearing. The circuit court granted the DHHR's motion to incorporate testimony from the preliminary hearing. In addition, the circuit court heard testimony from a transportation aid working with the school system that S.B.'s hygiene was so poor that he routinely smelled and that the aid had witnessed bruises on him on multiple occasions, including bruises in the shape of fingerprints. She further described occasions when petitioner's boyfriend wanted S.B. to keep his coat on at school, regardless of his temperature, and petitioner's indifference to the aid informing her of lesions occurring in S.B.'s mouth. The CPS worker again testified to the allegations in the petition. Based on the evidence presented, the circuit court found that petitioner failed to protect S.B. from physical abuse. The circuit court further found that petitioner neglected the children by causing physical or mental harm by her refusal, failure, or inability to properly care and supervise them.

In March of 2015, the circuit court held a dispositional hearing. At the conclusion of that hearing, petitioner moved for an improvement period, which the circuit court denied finding that petitioner failed to prove that she was likely to comply with an improvement period. Based on the evidence presented, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that the children's welfare required termination. By order entered on April 1, 2015, the circuit court terminated petitioner's parental rights to these children. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

2

committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner's first assignment of error is that the circuit court erred in failing to grant her an improvement period.[4] This Court has held that

> "courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened. . . ." Syllabus point 1, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, in part, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Further, under West Virginia Code § 49-6-12, a circuit court is not required to grant an improvement period, but rather, the decision whether to grant or deny one is left to the circuit court's sound discretion. It is the respondent parent's burden to show that she would be likely to fully comply with an improvement period. Moreover, the Court has held as follows:

> Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Kaitlyn P.*, 225 W.Va. 123, 126, 690 S.E.2d 131, 134 (2010) (quoting *W.Va. Dep't. of Health and Human Res. ex rel. Wright v. Doris* S., 197 W.Va. 489, 498, 475 S.E.2d 865, 874 (1996)). In the instant matter, petitioner clearly blamed self-infliction and/or the school for S.B.'s injuries. In her brief to this Court, petitioner acknowledges that she "never admitted to physically, mentally, or emotionally harming her children." While petitioner claims that the circuit court's denial of an improvement period at disposition was error, we find no evidence in the record on appeal that she acknowledged a parental problem requiring improvement. Based on the foregoing, we find no merit to this assignment of error.

---

[4]Petitioner fails to indicate the type of improvement period at issue—post-adjudicatory or dispositional.

Petitioner's second and final assignment of error is that the circuit court erred in finding by clear and convincing evidence that she abused or neglected the children. In support, petitioner cites instances of testimony in the record that speak to her qualities as a good parent. However, in so doing, she ignores the evidence that weighs against her. Clear and convincing evidence demonstrated that petitioner subjected S.B. to physical abuse by hitting him, grabbing his legs, and otherwise causing him injury. Even assuming that we accept petitioner's argument that the injuries were either self-inflicted or committed at school, no evidence demonstrates what steps, if any, she took to protect S.B. from further abuse. Therefore, assuming her position to be true, the evidence presented supports a finding that she failed to protect S.B. from further physical abuse whatever the source. Moreover, the transportation aid testified that S.B. suffered from hygienic deficiencies such that he often smelled at school and developed lesions. Given the evidence presented before the circuit court, we find no reversible error in its adjudicatory findings.

For the foregoing reasons, we find no error in the circuit court's April 1, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II